UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    NOT FOR PUBLICATION

SHAWKY SOLIMAN,

                Plaintiff,    Civil Action No.
                                                                        CV-06-6776 (DGT)
    -against-

ACS SUPPORT,[1]                                                         MEMORANDUM
                                                                        AND ORDER
                Defendant.
-----------------------------------------------------------------X
TRAGER, J.

Pro se plaintiff Shawky Soliman ("Soliman" or "plaintiff") brings this action seeking "the release of $4800.40 [to be returned to his] Citibank account." By order dated February 2, 2007, the Court granted plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and directed the Government to respond to plaintiff's complaint solely as to whether plaintiff received proper notice and an opportunity to be heard as required under 26 U.S.C. § 6330.

## Background

On December 20, 2006, plaintiff filed the instant complaint consisting of one typewritten page with several documents attached, including a Notice of Levy from the Internal Revenue Service ("IRS") dated November 11, 2006 and a letter from Citibank dated November 20, 2006 informing plaintiff that they are required to comply with the Notice of Levy and segregate $4467.07 from his account. On January 17, 2007, plaintiff wrote to the Court alleging that he did not receive "any notices" and that he was out of the "state for many months." See Letter dated Jan. 17, 2007 (Docket Entry #4). On February 21, 2007, plaintiff again wrote to the Court seeking the return of $4800.40 and offering to pay the tax owed in installments. See Letter dated Feb. 21, 2007 (Docket Entry #7).

---

[1] Plaintiff names as defendant, "ACS Support-Stop 5050" which is the "reply to" name and address provided in the IRS Notice of Levy. The Court notes that the United States is the proper defendant.

On March 1, 2007, the Government filed a response to the Court's Order. The Court notes that the Government was not properly served pursuant to Fed. R. Civ. P. 4 and that its response was a filed as a courtesy. The Government avers that it sent four pre-levy notices to plaintiff's last known address and that the final notice was returned by the United States Postal Service marked "Unclaimed" or "Refused" and that it was not notified of his new address until December 14, 2006, when plaintiff contacted the IRS. See Response from United States Attorney (Docket Entry # 9). Plaintiff alleges that he was "away from the state for many months" and does not allege that he notified the IRS of his new address at any time.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. An action is "frivolous" when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory. A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint. Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) and Neitzke v. Williams, 490 U.S. 319, 327 (1989)). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam).

## Discussion

As it is apparent that the IRS followed the procedures necessary to ensure notice pursuant to 26 U.S.C. § 6330, the Court concludes that it lacks subject matter jurisdiction over this complaint. Because plaintiff challenges a tax levy filed in connection with his income tax obligations for tax year 2003, this Court cannot hear the claim. Under the Anti-Injunction Act, 26 U.S.C. § 7421, the United States is permitted "to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Plaintiff's claim should be filed, if at all, in the United States Tax Court. See Freytag v. Commissioner, 501 U.S. 868, 890-91 (1991); Crawford v. Commissioner, 266 F.3d 1120, 1123 (9th Cir. 2001) (reiterating Tax Court's jurisdiction to consider constitutional questions in the context of hearing deficiency challenges).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

Dated: Brooklyn, New York
      March 20 2007

SO ORDERED.

David G. Trager
United States District Judge